

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

JOHN BEN SHEPPERD
ATTORNEY GENERAL

August 6, 1948

Mrs. B. B. Sapp, Director
Teacher Retirement System
Austin, Texas

Opinion No. V-654

Re: The legality of refund-
ing the balance of a
teacher's annuity when
he has chosen to return
from retirement to ac-
tive teaching.

Dear Mrs. Sapp:

We refer to your letter request which states
in substance that a teacher accepted regular service re-
tirement benefits from this department August 31, 1946.
He drew a regular monthly annuity until October 15, 1947,
when he returned to the teaching profession. Then in
compliance with Section 5, Subsection (1) of Article
2922-1, V. C. S., the Teacher Retirement Law, further
annuity was discontinued.

When retirement became effective, the amount
of money standing to the credit of the teacher was $459.-
90. Your records show that he drew in an annuity $219.-
10 leaving a balance of $240.80.

You stated that this is the first case that
you have had of a retired teacher returning to the teach-
ing profession subsequent to August 31, 1942.

The teacher has asked for the refund of his
money and you request our interpretation and instruction
in this matter.

Subsection (1) of Section 5 of Article 2922-1,
V. C. S., as amended by Section 3 of H. B. 602, 48th Leg-
islature, Acts 1943, and Section 6 of S. B. 282, 50th Leg-
islature, Acts 1947, reads in part:

". . .Any member who has accepted service
retirement shall be ineligible and disqual-
ified to resume and/or continue teaching in
the public schools of Texas, and also shall
be ineligible and disqualified to be other-

wise employed as a teacher under this Act;
provided, however, that during the present
world conflict, commonly called 'World War
II', and for a period of twelve (12) months
thereafter, a retired member who retired
August 31, 1942, and prior thereto, and on-
ly such retired member shall not be ineli-
gible and disqualified as above stated but
may be employed as a teacher under the terms
of this Act; . . . provided further, that
any retired member who accepts employment
as a teacher, except in the present world
conflict and for twelve (12) months there-
after, as above specified, shall forfeit
all rights as a retired teacher and any
and all claims to any retirement benefits
under this Act; provided further, that
every retired member is charged with the
knowledge of all these provisions and by
returning to teaching shall be deemed to
have accepted the same."

Prior to the amendment of Subsection (1) of
Section 5, Article 2922-1 by H. B. 602, supra, in 1943,
the Teacher Retirement Law did not contain the provi-
sions above quoted or provisions of like substance or
import. The effective date of H. B. 602 was May 28,
1943.

This office in Opinion No. 0-5097, approved
Feburary 15, 1943, thus prior to the enactment of the
provisions above quoted, advised that under the Teacher
Retirement Law as it then existed, the Legislature in-
tended that a person retired for service under said law
shall not be reemployed as a teacher in the public schools
of Texas, or as a teacher defined under the Act. That
opinion also pointed out that it is settled, under auth-
orities therein cited, that the State of Texas may pre-
scribe the qualifications of teachers and name the con-
ditions under which the privilege of teaching may be exer-
cised. The Legislature has since announced that intention
in clear and unequivocal language by the addition to the
Teacher Retirement Law of subsequent amendments above
quoted in H. B. 602 and S. B. 282, supra, and has in addi-
tion thereto provided that "any retired member who accepts
employment as a teacher (excepting certain teachers de-
signated therein) shall forfeit all rights as a retired
teacher and any and all claims to any retirement benefits
under the Act."

The Legislature in Section 13 of Article 2922-1, in the 1937 Act creating the Teacher Retirement System, reserved the right of amendment. But even without this reservation, the rule is "that the right of a pensioner to receive monthly payments from the pension fund after retirement from service, or after his right to participate in the fund has accrued, is predicated upon the anticipated continuance of existing laws, and is subordinate to the right of the Legislature to abolish the pension system, or diminish the accrued benefits of pensioners thereunder . . . " City of Dallas v. Trammel, 129 Tex. 150, 101 S.W.(2d) 1009 at 1013.

Furthermore, we are advised that the teacher in question, when he made application to be retired under the Teacher Retirement Act, executed the required official form therefor which contains this provision:

"I am making application for retirement benefits fully aware that

"'Any member who has accepted service retirement shall be ineligible and disqualified to resume and/or continue teaching in the Public Schools of Texas and also shall be ineligible and disqualified to be otherwise employed as a teacher under this Act.'"

Subsection (1) of Section 5, as amended, itself provides that "every retired member is charged with the knowledge of all these provisions and by returning to teaching shall be deemed to have accepted the same."

We are advised that the teacher in question was retired for service on August 31, 1946. Those provisions, therefore, in Subsection (3) of Section 5 relative to teachers retired on August 31, 1942, and prior thereto, would have no application to this teacher and require no further consideration herein.

Under the facts and expressed law stated herein, the retired teacher in question by his acceptance of employment as a teacher in the public schools of Texas subsequent to retirement for service has forfeited all his rights to any and all claims to any retirement benefits under the Teacher Retirement Act.

It is well settled that the mere circumstance

that a part of the pension fund is made up by deductions from the agreed compensation of employees does not in itself give the pensioner a vested right in the fund, and does not make it any less a public fund subject to the control of the Legislature. City of Dallas v. Trammel, supra. The Legislature not having provided that the contributions by way of deductions made from the compensation of a teacher and paid into the Teacher Retirement Fund should be refunded to a teacher retired for service where that teacher after service retirement resumes teaching in the public schools of Texas, in violation of the provisions of Subsection (3), Section 5, Article 2922-1, as amended, no authority rests in the Teacher Retirement System to award such refunds.

## SUMMARY

Where a teacher retired for service subsequent to August 31, 1942, the retired teacher by his acceptance of employment as a teacher in the public schools of Texas subsequent to retirement for service forfeits all rights to any and all claims to any retirement benefits under the Teacher Retirement Act. Art. 2922-1, Sec. 5, Subsec. (3), V. C. S., as amended; City of Dallas v. Trammell, 129 Tex. 150, 101 S.W. (2d) 1009. No authority rests in the Teacher Retirement System to thereafter make any annuity or refund payments to such teacher.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By Chester E. Ollison
Assistant

CEO:erc:mw
Encl.

APPROVED:

FIRST ASSISTANT
ATTORNEY GENERAL